UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA FALKNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-598-GMB ) |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings. Doc. 6. Plaintiff Donna Falkner filed suit against Defendant Dolgencorp, LLC ("Dollar General") asserting claims of invasion of privacy, false imprisonment, outrage, negligent or wanton hiring and retention, and fraudulent deceit. Doc. 1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that this action should be stayed and the parties should proceed to arbitration.

### I. JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or that

venue is proper in the Northern District of Alabama. The court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts that follow are those taken in the light most favorable to Falkner, the nonmovant. Falkner began work with Dollar General in December 2017 at its store in Calera, Alabama. Doc. 10-1 at 1. Dollar General later promoted Falkner to a managerial position. Doc. 1 at 2. Dollar General and its agents committed a variety of tortious act against Falkner. Doc. 1. Falkner decided to pursue her grievances in court, but Dollar General notified her that she entered into an arbitration agreement. Doc. 1 at 11. The arbitration agreement is electronically signed with the initials "DKF," completed with a check inside the box indicating that she agrees to arbitrate any disputes related to her employment, and dated "12/12/2017." Doc. 6-2. Falkner attests that she never saw or signed an arbitration agreement. Doc. 10-1.

On April 19, 2019, Falkner initiated this lawsuit in federal court. Doc. 1. On May 16, 2019, Dollar General filed its Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings. Doc. 6. Dollar General asserts that the arbitration agreement is valid and binding, and therefore that Falkner should be required to submit her claims to arbitration. Doc. 6. For the reasons set forth below, the court agrees.

## III. STANDARD OF REVIEW

When reviewing a motion to compel arbitration, "a summary judgment-like standard is appropriate." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). "[A] district court may conclude as a matter of law that parties did or did not enter into arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* (internal citation and quotation marks omitted). "A dispute is not genuine if it is unsupported by the evidence or is created by evidence that is merely colorable or not significantly probative." *Id.* (internal citation and quotation marks omitted). The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Id.* (internal citation and quotation marks omitted).

## IV. DISCUSSION

The court concludes that there is no genuine dispute of material fact concerning the formation of the arbitration agreement. "In 1925, Congress enacted the [Federal Arbitration Act] to overcome judicial resistance to arbitration, and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1345 (11th Cir. 2017) (internal citations and quotation marks omitted). But "[b]ecause it is well established that parties cannot be forced to submit to arbitration if they have not

agreed to do so, a district court, rather than a panel of arbitrators, must decide whether a challenged agreement to arbitrate is enforceable against the parties in question." *Magnolia Cap. Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (internal citation and quotation marks omitted). As stated above, the court engages in a summary judgment-like analysis of any attempt to compel arbitration over an objection. *Bester v. Compass Bank*, 2019 WL 1897176, at *1 (N.D. Ala. Apr. 29, 2019) (citing *Bazemore*, 827 F.3d at 1333) (internal quotation marks omitted). "As in a traditional summary judgment motion, an examination of substantive law determines which facts are material." *Burch*, 861 F.3d at 1346. "The threshold question of whether an arbitration agreement exists at all is simply a matter of contract." *Wayne Carnes v. AT&T, Inc.*, 2019 WL 2268977, at *2 (N.D. Ala. May 28, 2019). The Eleventh Circuit "defer[s] solely to applicable state-law principles in determining the quality and quantum of evidence required to deny or prove the existence of an agreement." *Larsen v. Citibank FSB*, 871 F.3d 1295, 1303 n.1 (11th Cir. 2017).

"Under Alabama law, the elements of an enforceable contract include an offer and an acceptance, consideration, and mutual assent to the terms essential to the formation of a contract." *Wayne Carnes*, 2019 WL 2268977, at *2. "The party opposing the motion must present evidence that the arbitration agreement is not valid or does not apply to the dispute in question." *Bester*, 2019 WL 1897176, at *1.

4

"Conclusory allegations without specific supporting facts have no probative value for a party opposing a motion to compel arbitration." *Id.* "The nonmoving party must come up with evidence that negates the version of events alleged by the moving party." *Wayne Carnes*, 2019 WL 2268977, at *3. "A dispute is considered genuine if it is supported by the evidence presented or is created by evidence that is significantly probative." *Amos v. Nursing*, 2018 WL 4909956, at *1 (N.D. Ala. Oct. 10, 2018).

Here, there is no genuine dispute as to any material fact concerning the formation of the arbitration agreement. Dollar General has presented a copy of an arbitration agreement e-signed with Falkner's initials. In response, Falkner offers the following version of events. She alleges that she was required to fill out paperwork before her first day of work, some of which she completed at home before she reported for work at Dollar General. Doc. 10-1 at 1. She also remembers that she had to fill out new employee paperwork on her first or second day of the job, which was December 12, 2017. Doc. 10-1. Falkner recalls that she began to fill out some paperwork when she reported to work on December 12, but her manager then sent her to train at the counter with another employee, promising to complete Falkner's paperwork herself. Doc. 10-1 at 1. Falkner maintains that she did not see or sign an arbitration agreement, and she theorizes that her manager may have filled out the arbitration agreement while Falkner was working at the counter on December

5

12. Doc. 10-1 at 1–2.

But this theory is flawed. Dollar General has presented undisputed evidence that Falkner did not report to work on December 12, the day the arbitration agreement was completed. Docs. 14-1 & 14-2. Instead, Dollar General business records reveal that Falkner began work three days later, on December 15, after the arbitration agreement had been signed. Doc. 14-2.

Simply put, this record does not reveal a genuine dispute of material fact. Instead, the court has before it only "conclusory allegations without specific supporting facts [which] have no probative value for a party resisting summary judgment." *Bazemore*, 827 F.3d at 1332. Falkner has admitted that she executed some of the new hire paperwork before she started work, and Dollar General's records directly contradict Falkner's theory that her supervisor signed the arbitration agreement on her behalf the same day she began her employment. Docs. 14-2 & 14-2. And not only has Dollar General come forward with evidence that December 12 was not Falkner's first day on the job, it also has submitted the time stamps for each component of Falkner's paperwork, which reveal that the "New Hire Packet Information" was sent to Falkner's personal email address on December 12 at 7:45 a.m., the packet was opened and the "Equal Opportunity Employer" paperwork saved at 8:53 a.m., the "Arbitration Agreement" was saved at 9:12 a.m., and the entire packet was completed at 9:25 a.m. Doc. 6-4 at 1–3. Falkner does not contest

the accuracy of these time stamps, which reflect not only that the arbitration agreement was completed on December 12, but also that the entire new hire packet was completed in one session.

Dollar General's evidence stands in sharp contrast to the evidence presented in *Bazemore*, 827 F.3d at 1334, which failed to prove that an arbitration agreement existed. In *Bazemore*, the defendants could not provide the court with an arbitration agreement reflecting the plaintiff's signature. *Id.* at 1332. Instead, the defendants had only a copy of their standard arbitration form. *Id.* at 1332. Here, Dollar General has supplied the court with an arbitration agreement reflecting Falkner's initials and other records directly contradicting Falkner's version of events. Falkner has not presented any substantial evidence in oppositition. *See Wayne Carnes*, 2019 WL 2268977, at *3 ("The nonmoving party must come up with evidence that negates the version of events alleged by the moving party."). Accordingly, the court finds no genuine dispute of material fact and concludes that Dollar General has satisfied its burden to demonstrate that a valid arbitration agreement exists between it and Falkner. Falkner has made no claim that this dispute does not fall within the purview of the arbitration agreement, if indeed it exists, and therefore a stay pending arbitration is appropriate.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion to Dismiss, or in

the Alternative, to Compel Arbitration and Stay Proceedings (Doc. 6) filed by Defendant Dolgencorp, LLC d/b/a Dollar General is GRANTED, and Plaintiff Donna Falkner shall submit her claims to arbitration.

It is further ORDERED that this case is STAYED pending the outcome of arbitration.[1] The parties shall file a joint status report regarding the progress of the arbitration proceedings on or before **May 1, 2020,** and on or before the first day of every third month thereafter until the arbitration proceedings resolve.

DONE and ORDERED on January 29, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a circuit split as to whether a district court should dismiss claims in favor of arbitration or stay the proceedings and refer the claims to arbitration. *Lee v. Comcast Cable Commc'ns, Inc.*, 2015 WL 4619896, at *8 (N.D. Ala. July 31, 2015). "The Eleventh Circuit, at one point, suggested only a stay of litigation is appropriate." *Perera v. H & R Block E. Enterprises, Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992)). But the Eleventh Circuit also recently affirmed cases where a district court dismissed an action when all claims were subject to arbitration. *Id.* Nonetheless, many courts in Alabama have adhered to the strict language of the FAA "provid[ing] that when a court determines an issue is referable to arbitration under an arbitration agreement, it 'shall on application of one of the parties stay the trial of the action until such arbitration has been had.'" *Lee*, 2015 WL 4619896, at *8; *see also Coker v. Instant Checkmate, LLC*, 2020 WL 71271, at *1 (S.D. Ala. Jan. 7, 2020); *Ross v. Fresh Mkt., Inc.*, 2015 WL 4749201, at *1 (N.D. Ala. Aug. 11, 2015); *Garner v. Family Sec. Fed. Credit Union*, 2014 WL 12614483, at *1 (N.D. Ala. Oct. 1, 2014). The court finds this to be the better approach, and will stay this action pending arbitration rather than dismiss Falkner's claims outright.