## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA FALKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-598-GMB |
| | ) | |
| DOLGENCORP, LLC, d/b/a | ) | |
| DOLLAR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Reconsider (Doc. 24), in which Plaintiff

Donna Falkner asks the court to revisit its previous order compelling arbitration.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a

United States Magistrate Judge. After careful consideration of the parties'

submissions, the applicable law, and the record as a whole, the court finds that the

motion is due to be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began work with Dollar General in December 2017 at its store in

Calera, Alabama. Doc. 10-1 at 1. According to the allegations in the complaint,

Dollar General and its agents committed a variety of tortious acts against Plaintiff.

Doc. 1. She decided to pursue her grievances in court, but Defendant notified her

that she had entered into an arbitration agreement. Doc. 1 at 11. The arbitration

agreement is electronically signed with the initials "DKF," completed with a check inside the box indicating that the signer agrees to arbitrate any employment disputes, and dated "12/12/2017." Doc. 6-2.

On May 16, 2019, Defendant filed a motion to dismiss or to compel arbitration. Doc. 6. Defendant asserted that the arbitration agreement is valid and binding, and therefore that Plaintiff should be required to submit her claims to arbitration. Doc. 6. Plaintiff claimed that she never signed the arbitration agreement. Doc. 10. After reviewing the parties' briefs and the evidence in the record, the court concluded that no genuine dispute of material fact existed as to whether Plaintiff signed the arbitration agreement. Doc. 23. Accordingly, the court granted the motion to compel arbitration. Doc. 23. Plaintiff now has filed a motion to reconsider the order compelling arbitration. Doc. 24. For the reasons set forth below, the court concludes that reconsideration is unwarranted.

## II. DISCUSSION

A motion to reconsider should be reserved for extraordinary circumstances. It is not an avenue for relitigating old matters. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). And it is not a vehicle for advancing new legal theories or presenting previously available evidence. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). In fact, this narrow remedy "is only available when a party presents the court with evidence of an intervening change in controlling law,

the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (citing *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d. 1236, 1256 (M.D. Ala. 2000)).

Here, Plaintiff asserts that reconsideration is necessary to correct clear error and manifest injustice. Doc. 24 at 1. "An error is not clear and obvious if the legal issues are at least arguable." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006) (internal quotation marks and citations omitted). A party cannot show clear error or manifest injustice by "merely reargu[ing] points previously considered and rejected by the Court." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007). And "to the extent [a party] . . . tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292 (S.D. Fla. 2012) (internal citation omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1292–93.

Although Plaintiff argues clear error and manifest injustice, her motion largely

rehashes her arguments in opposition to the motion to compel arbitration. Specifically, Plaintiff argues that the court must construe all disputed facts in her favor, and reiterates that she stated in her sworn affidavit that she never saw or signed an arbitration agreement. She again asserts that Defendant has offered no evidence beyond speculation that she signed the arbitration agreement.

Consistent with the Eleventh Circuit's summary judgment-like standard for compelling arbitration, the court must construe all genuine disputes of fact in Plaintiff's favor. *See Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). But a dispute must be genuine, and here there are no disputes of fact that qualify as genuine, as the court previously found. Doc. 23 at 3. Neither party disputes that someone signed the arbitration agreement under Plaintiff's name on December 12, 2017. In her motion for reconsideration, Plaintiff maintains that she was working at the Dollar General store that day, that her manager agreed to take care of her paperwork, and that she did not see or sign the arbitration agreement. Doc. 24 at 3. However, as the court highlighted in its memorandum opinion, Defendant presented undisputed evidence that Plaintiff did not begin her employment with Dollar General until after December 12, 2017, flatly contradicting Plaintiff's timeline. This is the same evidence the court considered initially, and Plaintiff's arguments on reconsideration do not change the court's calculus.

Plaintiff further contends that manifest injustice will occur if she is compelled

to arbitrate her claims because this forum is "expensive" and "employer-friendly." Doc. 24 at 2. "[M]anifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp.*, 916 F. Supp. 2d at 1292–93. Plaintiff's complaints about the arbitration process do not meet this standard. Accordingly, this argument does not warrant reconsideration.

Plaintiff cannot justify reconsideration on the basis of clear error or manifest injustice simply by repackaging old arguments. Plaintiff's motion does not demonstrate that the court committed clear error or manifest injustice, that there has been a change in intervening caselaw, or that she has discovered evidence previously unavailable. Accordingly, Plaintiff has not satisfied her burden to demonstrate that reconsideration is appropriate, and her motion is due to be denied.

### III.  CONCLUSION

For these reasons, it is ORDERED that the Motion to Reconsider (Doc. 24) is DENIED.

DONE and ORDERED on March 23, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE